# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

NESTOR JOSE TABARES MARTINEZ,   )
                            )
       Petitioner,           )
                            )
v.                        )
                            )   Case No. CIV-26-545-SLP
SCARLET GRANT, et al.,      )
                            )
       Respondents.      )

## O R D E R

Petitioner, Nestor Jose Tabares Martinez, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation and Supplement [Doc. Nos. 11 and 14] (collectively, R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 13], to which Petitioner has not responded, and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the Petition.

## I.    **<u>Background</u>**

Petitioner, a citizen of Venezuela, entered the United States without admission or inspection on July 14, 2023.  Shortly thereafter, Petitioner was placed into removal proceedings by the Department of Homeland Security.  On or about September 28, 2023, Petitioner was released from ICE custody on parole.  On February 10, 2026, Petitioner was taken into custody during a regularly scheduled check-in with ICE.  Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On March 18, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of Respondents own regulations.  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody.

## II.    **<u>Discussion</u>**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven days or, in the alternative, for Respondents to release Petitioner from custody.  Respondents object and argue that the Magistrate Judge

erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)).  The Court's previous determinations are in accord with the Tenth Circuit's recent decision, *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending), holding that "§ 1225(b)(2)(A)'s application is limited to the border."  *See also id*. at *7 ("A noncitizen . . . cannot request admission after the fact" and, "[s]o, for instance, a noncitizen who later receives . . . asylum, does not become admitted even though he has lawful status.").[1]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

---

[1] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at 3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.[2]

A separate judgment shall be entered.

IT IS SO ORDERED this 2nd day of July, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.